# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | |
|---|---|
| COLTON LOVELACE, ) | |
| ID # 12168-010, ) | |
|     Petitioner, ) | |
| vs. ) | No. 3:16-CV-2205-M (BH) |
| ) | |
| UNITED STATES OF AMERICA, ) | Referred to U.S. Magistrate Judge |
|     Respondent. ) | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION

By *Special Order 3-251*, this habeas case has been referred for findings, conclusions, and recommendation. Based on the relevant findings and applicable law, the petition for writ of habeas corpus under 28 U.S.C. § 2241 should be **DENIED** with prejudice.

## I.  BACKGROUND

Colton Lovelace (Petitioner), a prisoner incarcerated in the Federal Correctional Institution in Seagoville, Texas, (FCI-Seagoville), brings a challenge to the calculation of credit to his federal sentence by the Bureau of Prisons (BOP) under 28 U.S.C. § 2241.

On November 16, 2013, Petitioner was arrested by Arkansas authorities for drug, firearm, and probation violation charges. (*See* doc. 11-1 at 2, 16.) On January 10, 2014, he pled guilty and was sentenced in Arkansas state court in No. 42PCR-13-11 to 24 months' imprisonment. (*See id*. at 2, 24.) He received 54 days of pretrial jail credit. (*See id*. at 2, 27.)

On February 18, 2014, Petitioner was temporarily released to the United States Marshals Service under a federal writ of habeas corpus *ad prosequendum*. (*See id*. at 3, 31.) He pled guilty to being a felon in possession of a firearm in No. 2:14-CR-20004 in the United States District Court for the Western District of Arkansas, and on October 9, 2014, he was sentenced to 70 months' imprisonment, to run concurrently with his state sentence in No. 42PCR-13-11. (*See id*. at 3, 33-34.)

On October 22, 2014, Petitioner was returned to state custody. (*See id*. at 3, 31.) His state sentence continued to run during the time he was in federal custody on the writ of habeas corpus *ad prosequendum*. (*See id*. at 5, 56.) He was released from state prison to the United States Marshal Service to complete his federal sentence on February 20, 2015. (*See id*. at 3, 31, 40.)

Petitioner filed a § 2241 petition that was received on July 29, 2016. (*See* doc. 3.) He contends that he has not been given credit on his federal sentence for time spent in federal custody from February 18, 2014 through October 9, 2014. Respondent filed a response. (*See* doc. 10.)

## II.  PROPER RESPONDENT

Petitioner designates the "United States of America" as the respondent. (doc. 1, at 1.) "The federal habeas statute straightforwardly provides that the proper respondent to a habeas petition is 'the person who has custody over [the petitioner]'." *Rumsfield v. Padilla*, 542 U.S. 426, 434 (2004) (quoting 28 U.S.C. § 2242). In a habeas corpus proceeding under § 2241, the correct respondent is the petitioner's immediate custodian. *See Mounce v. Knighten*, 503 F.2d 967, 969 (5th Cir. 1974) (the only proper respondent in a habeas corpus proceeding is the custodian of the inmate). D.J. Harmon, Warden of FCI -Seagoville, where Petitioner is incarcerated, is the proper respondent and should be designated as the respondent.

## III.  SENTENCE CREDIT

Under 18 U.S.C. § 3585(b), a defendant shall be given credit on a federal sentence for time spent in official detention prior to the date the sentence commences as a result of the offense for which the federal sentence was imposed, or as a result of any other charge for which the defendant was arrested after the commission of the offense for which the federal sentence was imposed, but only if the prior custody time has not been credited against another sentence. A federal inmate who

2

has received credit on a state sentence for time in custody prior to the date of the federal sentence cannot receive credit on his federal sentence for that same time period. *See Cotton v. Tamez*, 238 F. App'x 214 (5th Cir. June 19, 2008).

Petitioner's federal sentence began when he was sentenced on October 9, 2014. (*See id*. at 4, 13.) He received credit on his state sentence for the time he was in federal custody beginning February 18, 2014, to the date his federal sentence began. He is therefore not entitled to credit on his federal sentence for that time under § 3595(b). *See id*.

There is an exception to the prohibition against double credit in § 3585(b) if the federal and state sentences are concurrent and the state sentence is equal to or less than the federal sentence, without taking into account presentence credit, good conduct time credit, or release on parole. *See Edison v. Berkebile*, 349 F. App'x 953, 956 (5th Cir. 2009); *Willis v. United States*, 438 F.2d 923 (5th Cir. 1971). Federal credit under *Willis* may only be given for time spent in state custody beginning on or after the date of the federal offense up to the date that the first sentence (federal or state) begins to run. *See Edison*, 349 F. App'x at 956. Petitioner received credit under *Willis* for the time he was in state custody prior to his state sentence. (*See* doc. 11-1 at 6, 54.) He is not entitled to credit under *Willis* for the time he was in federal custody on the writ of habeas corpus *ad prosequendum* because he was already serving his state sentence, and that time in federal custody was after the date that his state sentence began to run. *See Edison*, 349 F. App'x at 956.

Petitioner has not shown that he is entitled to credit for the time in federal custody prior to his federal sentence.

## IV.  RECOMMENDATION

The Clerk of Court should be directed to designate D.J. Harmon, Warden of FCI-Seagoville,

3

where Petitioner is incarcerated, as the respondent. The petition for habeas corpus relief under 28 U.S.C. § 2241 should be **DENIED** with prejudice.

**SIGNED this 19th day of July, 2018.**

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE